IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**CARL JOSEPH PAYNE**                                                                                          **PLAINTIFF**

vs.                                          Civil No. 2:19-cv-02149-PKH-MEF

**ANDREW M. SAUL, Commissioner,**                                                         **DEFENDANT**
**Social Security Administration**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Carl Joseph Payne, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  42 U.S.C. § 405(g).

### I.   Procedural Background

Plaintiff protectively filed his current applications for DIB and SSI on July 7, 2016.  (ECF No. 11, p. 48).  Plaintiff alleges disability since April 13, 2016, due to a broken back, nerve damage, difficulty voiding, balance issues, post-traumatic stress disorder (PTSD), depression, and anxiety.  (*Id*., pp. 48, 261).

Plaintiff's applications were denied initially and upon reconsideration.  (*Id*., pp. 48, 150-56, 161-66).  An administrative hearing was held on January 3, 2019, before the Hon. Edward M. Starr, Administrative Law Judge ("ALJ").  (*Id*., pp. 17-44).  Plaintiff was represented by counsel, Russell Harper.  (*Id*.).  Plaintiff and a vocational expert ("VE"), Larry Seifert, testified at the hearing.  (*Id*.).

By written decision dated February 4, 2019, the ALJ found Plaintiff had the following severe impairments: back injury, anxiety/trauma related, and affective disorder. (*Id*., pp. 45, 50). The ALJ next determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any impairment in the Listing of Impairments. (*Id*., pp. 50-52). The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to:

> "[P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except he can never climb ropes, ladders or scaffolds and no hazards, including unprotected heights and moving machinery, occasionally climb ramps and stairs, balance, crawl, kneel, sto[o]p, crouch and is limited to simple routine, repetitive tasks in a setting where interpersonal contact is incidental to work performed and he can respond to supervision that is simple, direct and concrete."
> (*Id*., pp. 52-57).

The ALJ found that Plaintiff was unable to perform any of his past relevant work ("PRW"), but with the assistance of the VE the ALJ determined Plaintiff could perform the requirements of the representative occupations of: eyeglass frame polisher (DOT # 713.684-038), with 6,436 jobs in the national economy; printed circuit board checker (DOT # 726.684-110), with 2,000 jobs in the national economy; and, nut sorter (DOT # 521.687-086), with 4,177 jobs in the national economy. (*Id*., pp. 57-58). The ALJ concluded that Plaintiff had not been under a disability as defined by the Act during the relevant period. (*Id*., p. 59).

Plaintiff subsequently filed this action on November 26, 2019. (ECF No. 2). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs (ECF Nos. 16, 17), and the case is ready for decision.

## II. Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial

evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion

Plaintiff raises the following issues in this appeal: (1) whether the ALJ's RFC determination is inconsistent with the record; (2) whether the ALJ properly evaluated his subjective complaints; and, (3) whether Plaintiff would be unable to perform the jobs identified at Step Five. (ECF No. 16, pp. 13-18). After a thorough review of the record, the undersigned agrees that the ALJ's RFC assessment is not supported by substantial evidence.

Part of the RFC determination includes an assessment of the claimant's credibility regarding subjective complaints of symptoms. Using the *Polaski* factors, "[s]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); *see also Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (noting *Polaski* factors must be considered before discounting subjective complaints). In addition to the claimant's prior work record, the *Polaski* factors include (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and, (5) functional restrictions. *Polaski*, 739 F.2d at 1322; see also 20 C.F.R. §§ 404.1529, 416.929.

In this case, the ALJ erred in his consideration of the fourth *Polaski* factor. The ALJ stated that in making his findings he considered Plaintiff's subjective complaints of pain, the objective

4

medical evidence, and any evidence relating to Plaintiff's daily activities; the duration, frequency, and intensity of Plaintiff's pain; the dosage and effectiveness of medication; precipitating and aggravating factors; and, functional restrictions, and he cited *Polaski* and 20 C.F.R. § 416.927 and SSR 96-7p. (*Id.*, p. 57). An examination of the record, however, reveals that to the extent the ALJ discussed the Polaski factors he cited evidence that contradicted the statements they were meant to support.

The ALJ explicitly found Plaintiff's pain appeared to be well controlled with prescription medications, and that Plaintiff stated he had no side effects from the medication. (*Id*. p. 55). The ALJ cited only to Plaintiff's pain and function reports to support this finding. (*Id.*, pp. 279-80, 283, 297, 302, 304, 305-306, 318-19). These reports, however, did not show Plaintiff's pain was well controlled by medication and showed he had discontinued medication due to side effects. (*Id.*). Plaintiff described his pain as constant, and he either listed no medications or stated he had to discontinue the use of Lyrica due to side effects. (*Id.*). Plaintiff's testimony at the administrative hearing was that he was in constant pain and although several doctors had tried several different medications for his bilateral lower extremity pain, "nothing touches it." (*Id.*, p. 28, 34, 35). Plaintiff also testified that he quit taking pain medications because they did not really help with the pain and made him feel sick. (*Id.*, p. 33). Additionally, the Plaintiff's two visits to the emergency department in February and May of 2018 for bilateral lower extremity pain do not support the ALJ's assertion that his pain was well controlled by prescription medication. (*Id.*, pp. 34, 55, 586-87, 590-97).

Considering the evidence as a whole, the undersigned concludes that the ALJ has not properly evaluated Plaintiff's credibility consistent with the *Polaski* and SSR 96–7P factors, and remand is required. On remand, the ALJ should expressly acknowledge the *Polaski* and SSR 96–

7P factors and give specific reasons, supported by the record, for discrediting any of Plaintiff's subjective complaints.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

## IV.   Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the District Court.**

DATED this 2nd day of October 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE